VIDAL RIVERA, demandante y apelante, *v.* PEDRO COLÓN, demandado y apelado.

Núm. 8097.—*Sometido:* Febrero 18, 1941. *Resuelto:* Febrero 28, 1941.

*Luis Ríos Algarín* y *Víctor M. Marchán,* abogados del apelante; *F. Prieto Azúar,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este recurso está basado exclusivamente en que según el apelante, la corte inferior erró al resolver que ''la evidencia es contradictoria y que la preponderancia de la misma está en favor del demandado.''

En verdad la prueba es contradictoria. Se trata de una acción de daños y perjuicios con motivo de la destrucción de la *guagua* del demandante, licencia P-495, al chocar con un camión, licencia HP-218, propiedad del demandado, en un puente en la carretera que de Cidra conduce a Comerío.

De acuerdo con la prueba del demandante, su guagua, guiada por el chófer Arturo Figueroa, iba de Comerío para Cidra, llegando al sitio del accidente entre dos y tres de la tarde. Cuando la guagua estaba ya en el puente, venía el *truck* del demandado en dirección opuesta, a gran velocidad, por el centro del mismo, y el chófer del demandante paró su guagua bien a la derecha, pero al aproximársele el camión le dió por la izquierda de la guagua, lanzándola por un costado del puente y quedando destruído el vehículo al caer sobre unas rocas. Según los testigos del demandante, el pavimento es-

taba seco y la guagua había recorrido más de la mitad del puente—que todos convienen mide 40 metros de largo—cuando fué alcanzado por el camión.

La versión del demandado es que el camión había llegado al puente antes que la guagua y que cuando estaba próximo a salir, entró la guagua a una gran velocidad; que el chófer del camión detuvo la marcha y se echó tanto a su derecha que la portezuela del mismo lado no podía abrirse por impedirlo el tubo que servía de baranda al puente; que el piso estaba mojado y que al llegar la guagua junto al camión, chocó su tapalodo trasero izquierdo con el tapalodo del truck, y luego patinó, yéndose la guagua por un costado del puente; que antes de entrar la guagua al puente en cuestión, no pudo ser vista por el chófer del camión porque en dicho sitio, viniendo de Comerío para Cidra, existe una curva y en sus costados hay árboles tan copiosos que sólo permiten ver el vehículo que venga en esa dirección cuando desemboca en el puente.

El juez sentenciador, que vió y oyó declarar los testigos, dirimió el conflicto a favor del demandado, influyendo grandemente en su decisión una fotografía presentada en evidencia, representativa del puente poco después del accidente, mostrando el sitio por donde se deslizó la guagua, y de dicha fotografía aparece que el impacto sucedió como sostiene la prueba del demandado, es decir, cuando el camión había recorrido treinta metros dentro del puente, comprobándose así que cuando entró la guagua, ya el camión estaba próximo a salir.

Siendo la prueba contradictoria y no habiéndose demostrado que la corte sentenciadora cometiera error manifiesto o que actuara movida por pasión, prejuicio o parcialidad en su apreciación, *procede desestimar el recurso y confirmar la sentencia apelada.*

El Juez Asociado Sr. Todd, Jr., no intervino.